United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40512
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANGEL SILVESTRE ARELLANO-RIOS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-50-1
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Angel Silvestre Arellano-Rios pleaded guilty to being an

alien unlawfully found in the United States after deportation,

having previously been convicted of an aggravated felony, in

violation of 8 U.S.C. § 1326(a) and (b).  The district court

sentenced him to serve 87 months of imprisonment and three years

of supervised release.

     For the first time on appeal, Arellano-Rios argues that the

"felony" and "aggravated felony" provisions set forth in 8 U.S.C.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326(b) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), because they do not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Arellano-Rios concedes, his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 234-35 (1998). <u>See</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

Arellano-Rios also argues for the first time on appeal that if <u>Almendarez-Torres</u> is overruled, the Supreme Court's holding in <u>Blakely v. Washington</u>, 124 S. Ct. 2531, 2537 (2004), renders unconstitutional the district court's calculation of his sentence under the United States Sentencing Guidelines based on facts relating to his prior convictions that were neither found by a jury beyond a reasonable doubt nor admitted by him. Arellano-Rios concedes that in addition to the obstacle posed by <u>Almendarez-Torres</u>, his argument regarding the effect of <u>Blakely</u> is foreclosed by <u>United States v. Pineiro</u>, 377 F.3d 464, 465-66 (5th Cir. 2004), <u>petition for cert. filed</u> (U.S. July 14, 2004) (No. 04-5263), in which this court held that <u>Blakely</u> does not extend to the United States Sentencing Guidelines.

AFFIRMED.